David E. DEVILLE and Bernice Deville

v.

UNITED STATES of America, et al.

Civ. A. No. 91–1464.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Jan. 14, 1992.

Dale Reesman, Boonville, Mo., and William B. Owens, Alexandria, La., for plaintiffs.

John R. Halliburton, Asst. U.S. Atty., Shreveport, La., for defendant.

RULING

LITTLE, District Judge.

David and Bernice Deville are farmers who own and operate a livestock and pecan farm in LaSalle Parish, Louisiana. This action began when the Devilles sought the benefit of the debt restructuring and loan servicing procedures provided by the Farmers Home Administration (FmHA) pursuant to 7 U.S.C. § 2001, 7 C.F.R. § 1951.909 and Subpart S of Part 1951 (1951–S procedures). The debt restructuring and loan servicing procedures require the Farmers Home Administration, at the debtor's suggestion, to use a particular formula under Part 1951, Subpart S, Exh. J(VII) in a computer program (DALR$) to find a feasible plan to enable them to continue farming. If the DALR$ calculations indicate that a feasible plan cannot be developed, then the borrowers are allowed to buy out the collateral securing their loans at a net recovery value. The Farmers Home Administration must use certain procedures and formulas in order to determine the borrower's net recovery value. 7 C.F.R. § 1951.909, Pt. 1951, Subpart S, Exh. J, VII. Mary Lu Wilkerson, the County Supervisor for FmHA, determined that the Devilles did not qualify for primary loan servicing because no feasible plan could be developed. After making the requisite statutory computations, Miss Wilkerson decided that the net recovery value required for the buy out would be $1,102,751. The plaintiffs appealed this decision to the National Appeal Staff Hearing Officer, Deborah Lombardino, who upheld the FmHA's decision. Miss

Lombardino's decision was then reviewed by the state director and national director of the FmHA National Appeals Staff. Both officers upheld FmHA's net recovery value determination. Having exhausted their administrative remedies, the Devilles now seek relief in federal court.

In their motion and supporting memorandum for summary judgment, the defendants argue that FmHA's decision to deny the plaintiffs' application for primary loan services and its formulation of the net recovery value was not arbitrary, capricious, or an abuse of discretion. Defendants contend that plaintiffs' application for primary loan servicing was rejected because the plaintiffs could not develop a feasible plan for the continued operation of their farm as provided by 7 C.F.R. § 1951.909(c). The net recovery value of their collateral was determined to be $1,102,751 by the county supervisor, who based her calculations on the formulas provided by 7 C.F.R. § 1951.909(f)(1) of the FmHA instructions.

Conversely, plaintiffs argue that, when formulating the net recovery value, FmHA allegedly: (1) refused to consider the current market appraisal of an independent appraiser selected from the FmHA's approved list of appraisers; (2) used stale appraisals of real and personal property; (3) used a real estate appraisal based upon a mistake about the nature and extent of land to be appraised; (4) added rental income of $208,428 as anticipated income; (5) failed to follow the regulations used in formulating a fair assessment of projected trends in farmland values; (6) failed to use the lower market value and capitalization value required by the regulations. Plaintiffs cite all these errors as the reason the net recovery buy out value exceeds $500,000.

■ When the decision of an administrative agency is challenged, the Fifth Circuit Court of Appeals has held that "under the Administrative Procedures Act, the administrative record [must be] reviewed to determine whether the challenged action was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right; in excess of statutory authority or limitation; or without procedure required by law." *State of La., ex rel. Guste v. Verity,* 853 F.2d 322 (5th Cir.1988).

■ Plaintiffs have charged that FmHA's net recovery value determinations were arbitrary, capricious, and an abuse of discretion. Under the arbitrary and capricious standard of review, it is well established that the court's scope of review is very narrow. "The court cannot weigh the evidence in the record pro and con," but must "review the agency action to determine whether the decision was based on a consideration of the relevant factors and whether there was a clear error of judgment." *Guste,* 853 F.2d at 327. To avoid the arbitrary and capricious label, the agency need only "consider the factors" and articulate a "rational relationship between the facts found and the choice made." *Id.* "The agency's decision need not be ideal, so long as the agency gave at least minimal consideration to relevant facts contained in the record." *Id.*

■ First, the plaintiffs argue that the Deville farm is not suited for soybean production and thus the figures used to determine the market value of the farm were incorrect. After reviewing the record, the hearing officer determined that the Deville farm had been in soybean production as late as 1983 and that a 36 bushel yield was predictable on the property based on its past history.

Second, the plaintiffs disagree with the figures used to determine the production costs of pecans on the Deville farm. Although the FmHA appraiser and the independent appraiser used different production costs for pecans per acre, both arrived at approximately the same net income figure. The hearing officer found the similarity sufficient to support the accuracy of the FmHA appraisal.

Third, the plaintiffs dispute the claim that the FmHA appraiser visually inspected the property. During the administrative hearing, the FmHA testified that Mr. Douglas did personally inspect the property for this appraisal. The hearing officer

found the photographs included with Mr. Douglas' appraisal to be convincing evidence that Mr. Douglas had been on the property for the appraisal and properly rejected the plaintiffs' claims.

Fourth, the plaintiffs contend that their farm equipment was appraised at a higher value than similar equipment sold in the area. Because the plaintiffs failed to produce sufficient evidence to indicate noncompliance with regulations or how the chattel appraisal did not represent market value, the hearing officer correctly rejected this claim.

Fifth, the plaintiffs reject FmHA's use of the "plus 2% factor" as a constant in the DALR$ program to determine the anticipated increase or decrease in the value of Deville's real estate. They argue that the constant did not comply with FmHA Instruction 1951–S. The hearing officer held that the "plus 2% factor" was used in accordance with Louisiana AN No. 951 (1951–S) issued in July of 1989. When the DALR$ program was first run on 18 September 1989 for the plaintiffs, the "plus 2% factor" was in effect at the time and its use mandated.

Finally, plaintiffs dispute the addition of $208,428 to the net recovery value as "rental income." Plaintiffs contend that rental income is only added to the net recovery value "when it is relatively certain that the rental income will be realized." FmHA Instruction 1951–S, Exhibit I. FmHA records indicated that the plaintiffs' daughter, Patty Huffman, intended to rent 800 acres for soybean production and 1200 acres of pasture from the plaintiff at $10 per acre. Based on this information, the county supervisor, Mary L. Wilkerson, was required to add rental income using figures based on the highest and best use of the property. The hearing officer upheld the determinations of both the county supervisor and the FmHA appraiser and concluded that the amount of rental income based on the current operator had no bearing on the amount of income the government could realize from the property.

Based on a review of the administrative record in this case, the court is satisfied that the agency's decision to reject the plaintiffs' primary loan servicing application and its determination that the net recovery value of plaintiffs' collateral of $1,102,751 was based on substantial evidence and made in accordance with required procedures and regulations. "In reviewing [such] choices, [the court] must look at the decision not as an [expert in the area], but as a reviewing court exercising our narrowly defined minimum standards of rationality." *Guste*, 853 F.2d 322, 329 (5th Cir.1988). Accordingly, the defendants' motion for summary judgment is granted and all claims by the plaintiffs against the defendants are dismissed.